The document below is hereby signed.

Signed: June 12, 2010.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| ELLIOTE PATRICK COLEMAN, | ) | Case No. 06-00254 |
| | ) | (Chapter 13) |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| ELLIOTE PATRICK COLEMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding No. |
| | ) | 07-10022 |
| COUNTRYWIDE HOME LOANS, | ) | |
| | ) | **Not for publication in** |
| Defendant. | ) | **West's Bankruptcy Reporter** |

MEMORANDUM DECISION RE PLAINTIFF'S MOTION TO VACATE JUDGMENT

Pursuant to Fed. R. Civ. P. 60(b)(4), the plaintiff contends that relief from the judgment in this proceeding is appropriate because the judgment is void on the basis that the court erroneously treated the matter as a core proceeding. A bankruptcy judge is empowered to determine whether a proceeding is core or non-core in the first instance, subject to review by the district court if the bankruptcy judge errs in treating the proceeding as a core proceeding. When the bankruptcy judge errs,

that does not make the judgment void but merely makes it reversible by way of an appeal.  The plaintiff's efforts at appealing the judgment having not succeeded, the court will deny the plaintiff's Rule 60(b)(4) motion.  An order follows.

                                        [Signed and dated above.]

Copies to: Elliote Patrick Coleman; All counsel of record.