The document below is hereby signed.

Signed: March 18, 2019

S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| ELLIOTTE PATRICK COLEMAN, | ) | Case No. 06-0025 |
| | ) | (Chapter 13) |
| Debtor. | ) | |
| | ) | |
| ELLIOTTE PATRICK COLEMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding No. |
| | ) | 07-10022 |
| COUNTRYWIDE HOME LOANS, | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter. |
| Defendant. | ) | |

MEMORANDUM DECISION AND
ORDER DENYING PLAINTIFF'S EMERGENCY MOTION TO STAY
AUCTION OF REAL PROPERTY AND FOR THE COURT TO VACATE JUDGMENT

Today, the debtor (the plaintiff in this adversary proceeding) filed *Plaintiff's Emergency Motion for Stay of March 19, 2019 Auction of Real Property and For the Court to Vacate Judgment* (Dkt. No. 105) wherein the debtor seeks a stay on the foreclosure auction of his home scheduled for tomorrow, March 19, 2019, at 3:00 p.m., and that the court vacate, pursuant to Rule 60(b)(6), the judgment entered on May 11, 2009, granting

Countrywide Home Loans, Inc.'s Motion for Summary Judgment.  The court denied an earlier motion to vacate the judgment on June 15, 2010.  The debtor took an appeal on the order denying the motion to vacate the judgment that was dismissed for the debtor's failure to timely file a brief, designate the contents of the record or file a statement of the issues presented on appeal, and failure to pay the appeal fee.

Now, nearly 10 years after the judgement was first entered, the debtor seeks again to have the judgment vacated.  The debtor asserts that on November 14, 2018, the Superior Court authorized the foreclosure to proceed despite admitted mistakes in the lienor's accounting records.  The debtor asserts that the Superior Court cannot overturn the decision of the Bankruptcy Court.

I

The debtor's bankruptcy case within which this adversary proceeding was pursued was dismissed long ago, and pursuant to 11 U.S.C. § 362(c)(1) and (2), there is no automatic stay in place under 11 U.S.C. § 362(a).  The debtor received no discharge in his bankruptcy case, and, in any event, the discharge injunction would not apply to the enforcement of a lien against property.

The debtor is thus seeking injunctive relief, not enforcement of the automatic stay or a discharge injunction. However, the debtor has not filed a motion for a temporary

2

restraining order, setting forth, as required by Fed. R. Civ. P.
65(b)(1)(A), "specific facts in an affidavit or a verified
complaint [to] clearly show that immediate and irreparable
injury, loss, or damage will result to the movant before the
adverse party can be heard in opposition."  The debtor's request
to stay tomorrow's foreclosure sale must be denied as
procedurally deficient.

## II

The debtor has assumed that vacating this court's judgment
would provide a basis for enjoining the Superior Court's ruling
of November 14, 2018.  Even if a basis exists for seeking to
vacate the judgment in order to seek injunctive relief against
the foreclosure sale, waiting until five months after the
Superior Court's ruling to seek relief on the eve of the
foreclosure sale is not proceeding with due diligence.  The
motion to vacate the judgment has not been pursued within a
reasonable period of time (as required by Fed. R. Civ. P.
60(c)(1)) for purposes of attempting to put a halt to the

foreclosure sale.[1]

### III

The debtor's complaint sought $1,000,000 in damages for breach of the implied duty of good faith and fair dealing and for breach of contract.  He now seeks injunctive relief.  With no pending bankruptcy case, there is no bankruptcy purpose to be served by granting the debtor injunctive relief even if this court's judgment dismissing this adversary proceeding were set aside.

The claim for injunctive relief did not arise under the Bankruptcy Code, did not arise in the dismissed bankruptcy case, and is not related to a bankruptcy case as there is no bankruptcy case pending that would be affected by the foreclosure sale's being held.  Subject matter jurisdiction under 28 U.S.C. § 1334(b) is thus lacking.  Accordingly, injunctive relief must be denied as well on that alternative basis.

---

[1]  The basis for seeking to vacate this court's judgment arose even earlier.  The basis for seeking to vacate the court's judgment is that the defendant has admitted that it overbilled the defendant.  However, as best can be gleaned from the debtor's motion, those admissions were made in the Superior Court by as early as August 3, 2017, pursuant to a *Praecipe Filing Explanation and Documentation as Required by Court Order of June 5, 2017*.  Waiting for seven months to seek relief in this court under Fed. R. Civ. P. 60(b) in order to obtain injunctive relief only on the eve of the foreclosure sale is clearly unreasonable delay in seeking Rule 60(b) relief as a predicate to pursuing injunctive relief.

IV

In the Superior Court, the mortgagee admitted to
overbillings and stated to the Superior Court that it has
reversed those overbillings.  The debtor does not contest that
statement.  It thus appears that the foreclosure sale concerns
amounts that were *not* overbilled.  Regardless of whether the
judgment dismissing the adversary proceeding were vacated, there
does not appear to be a basis for enjoining the foreclosure sale.

V

The admissions by the mortgagee that it overbilled the
debtor are new evidence upon which the debtor relies in seeking
to vacate the judgment dismissing this adversary proceeding.
However, a motion under Fed. R. Civ. P. 60(b)(2) to vacate a
judgment based on newly discovered evidence must, by reason of
Fed. R. Civ. P. 60(c)(1), be made within no more than a year
after entry of the judgment.  The same is true with respect to a
motion under Fed. R. Civ. P. 60(b)(3) to vacate a judgment for
fraud.  The debtor's motion is not one under Fed. R. Civ. P.
60(b)(6) because it plainly is one under either Fed. R. Civ. P.
60(b)(2) or 60(b)(3) and does not present some other reason that
justifies relief.  The debtor's motion to vacate the judgment
must be denied as untimely.

VI

Based on the foregoing, it is

5

ORDERED that *Plaintiff's Emergency Motion for Stay of March 19, 2019 Auction of Real Property and For the Court to Vacate Judgment* (Dkt. No. 105) is DENIED.

[Signed and dated above.]

Copies to: Plaintiff (by hand-mailing); recipients of e-notifications of orders